

FILED
2020 Jan-17 PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **LEO MCDERMOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **BYERS ENGINEERING COMPANY,** | ) | **JURY DEMANDED** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Leo McDermott ("Plaintiff" or "McDermott"), by and through his undersigned counsel of record, and files this Complaint against Defendant, Byers Engineering Company ("Defendant" or "Byers"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1.      Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.

2.      The unlawful employment practices described herein were committed in Birmingham, Alabama. Birmingham is located in Jefferson County, Alabama, and, accordingly, venue lies in the United States District Court for the Northern District of Alabama, Southern Division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.      Plaintiff is a citizen of the United States of America, over the age of nineteen (19) years, a resident of the State of Alabama who is entitled to protection pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and was at all times relevant an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e).

4.      Defendant is a foreign corporation conducting substantial business within the State of Alabama, is an "employer" within the meaning of 29 U.S.C. § 203(d), and was at all times relevant Plaintiff's "employer."

5.      Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce.

6.      Defendant's annual gross volume of sales was five hundred thousand dollars ($500,000.00) or more.

7.      Plaintiff performed work for Defendant that produced goods for commerce and used goods that were transported via interstate commerce, thus Defendant is an "enterprise" as contemplated by 29 U.S.C. § 203 (r) & (s).

## FACTS

8.      Plaintiff re-alleges and incorporates paragraphs one (1) through seven (7) as if fully set forth herein.

9.      Defendant hired Plaintiff in February 2013 as an Engineer Assistant.

2

10.     Plaintiff was employed by Defendant for almost seven (7) years.

11.     Plaintiff generated safety reports and occasionally ordered equipment for Defendant.

12.     Plaintiff was an employee and his job duties did not exempt him from protection under the FLSA.

13.     Defendant is not exempt from FLSA coverage in relation to Plaintiff's employment.

14.     For approximately three (3) years, Plaintiff was paid an hourly rate for forty (40) hours each week.

15.     In 2015, Defendant placed Plaintiff on piece rate unit pay.

16.     Plaintiff was then paid a piece rate of eleven dollars and five cents ($11.05) per report generated.

17.     Plaintiff worked over forty (40) hours during many work weeks.

18.     Defendant only paid Plaintiff's piece rate for forty (40) hours.

19.     Defendant failed to pay Plaintiff the piece rate overtime amount for weeks wherein he worked over forty (40) hours.

20.     Plaintiff was terminated on December 6, 2019.

21.     To date, Defendant has not paid Plaintiff for overtime due.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations – 29 U.S.C. § 207)

22.   Plaintiff is an employee who is not exempt from the protections provided by the FLSA.

23.   Defendant is not exempt from coverage under the FLSA.

24.   Defendant has a duty to keep certain records pursuant to 29 U.S.C. § 211(c), which Plaintiff will be relying upon in prosecuting his claims.

25.   Defendant failed to compensate Plaintiff at the piece rate overtime rate required by 29 U.S.C. § 207, for hours worked in excess of forty (40) each work week.

26.   Defendant's denial of Plaintiff's overtime was willful.

27.   Defendants' failure to pay Plaintiff overtime due was willful and without good faith, as defined in 29 U.S.C. § 260.

28.   Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207 and 29 U.S.C. § 215(a)(2).

**WHEREFORE**, Plaintiff respectfully requests this Court grant to Plaintiff the following:

A.   All overtime wages due to Plaintiff under the FLSA for the time Plaintiff was employed by Defendant;

B.   Liquidated damages in an equal amount;

C.   A reasonable attorneys' fee;

4

D.      Plaintiff's costs and expenses;

E.      Interest on all monies owed; and

F.      Any other relief the Court deems just and appropriate.


Respectfully submitted this 17th day of January 2020.

Jessica M. Wolinsky (ASB-6809-064M)
Anthony D. Michel (ASB-6809-064M)
*Attorneys for Plaintiff, Leo McDermott*


**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, AL 35203
P: (205) 980-5700
F: (205) 994-2819
jessica@wmalabamalaw.com
anthony@wmalabamalaw.com

## **JURY DEMAND**

Plaintiff demands a trial by struck jury.


Respectfully submitted,

Attorney for Plaintiff

**DEFENDANT WILL BE SERVED VIA PROCESS SERVER AT THE FOLLOWING ADDRESS:**

**Byers Engineering Company**
c/o Cogency Global Inc.
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Attorney for Plaintiff

6